# In the United States Court of Federal Claims

No. 16-678C

(Filed: November 14, 2016)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| BOARHOG LLC, | Contract Disputes Act Claim; Termination for Convenience Clause; Motion to Dismiss; No Showing of Material Breach or Performance Costs. |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Jorge I. Hernandez*, Chula Vista, California, for Plaintiff.

*Zachary J. Sullivan,* with whom were *Benjamin C. Mizer,* Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, *Reginald T. Blades,* Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *David B. Cook*, NAVSUP Fleet Logistics Center Jacksonville, U.S. Department of the Navy, for Defendant.

## OPINION AND ORDER ON
## DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

This case involves the U.S. Navy's termination for convenience of a services contract awarded to Plaintiff Boarhog LLC. The Navy terminated the contract in order to implement corrective action as part of a plan to resolve a bid protest. Boarhog contends that the termination constituted a breach of contract, and it asks for damages of $229,608 even though Boarhog did not perform any work under the contract. Defendant has moved to dismiss Boarhog's complaint under Rule 12(b)(6) of the Court for failure to state a claim upon which relief can be granted. As explained below, the Court grants Defendant's motion to dismiss because Boarhog has not shown the existence of any breach of contract, and even if a breach existed, Boarhog did not suffer any compensable damages. The Court dismisses the complaint without prejudice.

Background[1]

Boarhog is a small business headquartered in San Diego, California.  Compl. ¶ 5. On September 2, 2014, the Navy issued a competitive solicitation for a contract to provide engineering, logistical, and clerical support for U.S. Naval ships and vessels serviced in the Naval Region Southeast.   Id. ¶ 7.  On September 18, 2014, the Navy awarded the contract to Boarhog.  Id. ¶ 8, Ex. B.  Under the contract, Boarhog would begin providing services on September 26, 2014 and continue for one year at a firm-fixed price of $476,216. Id. ¶ 18.  On September 24, 2014, two days before the scheduled beginning of performance, the Navy terminated the contract for convenience.  Id. ¶ 9, Ex. C.  The Navy cancelled the award to Boarhog in response to an agency protest, and awarded the contract to a competing vendor after taking corrective action.  Id., Ex. E.

Boarhog then filed bid protests with the Navy, the Government Accountability Office, and this Court challenging the contract termination and the subsequent award to the competing vendor.  Id.  In order to resolve Boarhog's bid protests, the Navy again took corrective action and awarded a second contract to Boarhog on March 10, 2015.  Id.  As a result of this corrective action, the Court dismissed Boarhog's bid protest on April 29, 2015.  Id. at 1.  Shortly after the award, the Navy modified the contract to replicate Boarhog's original agreement.  Id.  Specifically, Boarhog's second contract with the Navy was identical to the terminated contract in terms of performance period and price.  Id.  On March 26, 2015, six months and two days after the Navy's termination for convenience, Boarhog began performance under the second contract.  Id. ¶ 12.

On April 13, 2015, counsel for Boarhog submitted a Contract Disputes Act ("CDA") claim to the Navy's contracting officer alleging a breach of contract and demanding a payment for damages.  Id. ¶ 15, Ex. D.  The claim indicated that the Government owed Boarhog $229,608 for terminating the initial award and preventing Boarhog's performance for six months, from September 26, 2014 to March 26, 2015.  Id.  On June 10, 2015, the Navy's contracting officer denied the claim, asserting that the Government did not owe Boarhog any money for the contract termination.  Id. ¶ 16, Ex. E.  The contracting officer reasoned that Boarhog had incurred no performance costs under the original contract, and in fact, received a replacement contract with identical terms.  Id.

On June 8, 2016, Boarhog filed a complaint in this Court under the CDA to appeal the contracting officer's final decision.  On August 24, 2016, the Government moved to dismiss the complaint for failure to state a claim, arguing that Boarhog had not sufficiently alleged a breach of contract.  Def.'s Mot. at 1.  Boarhog filed its opposition to the

---

[1]  The Court draws the facts in this Background section from Boarhog's Complaint (Dkt. No. 1).  The facts in the Complaint are presumed to be true for the purposes of the pending motion.

Government's motion on October 7, 2016.  See Pl.'s Resp.  The Government filed its reply to Boarhog's opposition on October 24, 2016.  See Def.'s Reply.  The Court deems oral argument unnecessary.

## Standards of Review

Under the CDA, the Court of Federal Claims may hear contract disputes in which the Government is a party.  41 U.S.C. § 7104(b); James M. Ellett Const. Co. v. United States, 93 F.3d 1537, 1541 (Fed. Cir. 1996); Keeter Trading Co. v. United States, 79 Fed. Cl. 243, 248-49 (2007).  The Court's jurisdiction to hear contract disputes under the CDA requires a valid claim in writing and the contracting officer's final decision on that claim. Medina Const., Ltd. v. United States, 43 Fed. Cl. 537, 546 (1999); Keeter Trading Co., 79 Fed. Cl. at 248.  A contractor satisfying the jurisdictional prerequisites may seek relief in this Court under the CDA for breach of contract.  See Armour of Am. v. United States, 69 Fed. Cl. 587, 591 (2006).

In considering the Government's motion to dismiss, the Court "must accept as true all of the allegations in the complaint . . . and [the Court] must indulge all reasonable inferences in favor of the non-movant."  Laudes Corp. v. United States, 86 Fed. Cl. 152, 160 (2009) (citing Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001)).  To survive a motion to dismiss, the complaint must allege facts "plausibly suggesting (not merely consistent with)" a showing of entitlement to relief.  Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 (2007).  The factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Bell Atl. Corp., 550 U.S. at 555.  The complaint need not set out in detail the facts upon which the claims are based; however, the plaintiff must present enough facts to state "a claim to relief that is plausible on its face."  Cary, 552 F.3d at 1376.  The Court will dismiss a complaint pursuant to RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy."  Laudes Corp., 86 Fed. Cl. at 160 (citing Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002)); see also Morse Diesel Int'l, Inc. v. United States, 66 Fed. Cl. 788, 797 (2005) (noting that dismissal is only proper where a plaintiff can "prove no set of facts in support of his claim which would entitle him to relief").

## Discussion

Under the "Termination for the Government's Convenience" clause in Boarhog's contract, the Government has broad unilateral rights to terminate a contract for a variety of reasons of its own choosing, and the contractor may only recover a percentage of the contract price reflecting the percentage of the work performed prior to the notice of

termination.  In order to challenge a termination for convenience, the contractor must show that the Government acted in bad faith, or abused its discretion.  (See discussion below).  Boarhog's contract incorporated by reference Federal Acquisition Regulation ("FAR") 52.212-4, entitled "Contract Terms and Conditions – Commercial Items."  Compl. Ex. B, at 25.  Paragraph (l) of this clause, "Termination for the Government's Convenience," provides in part as follows:

> The Government reserves the right to terminate this contract, or any part hereof, for its sole convenience.  In the event of such termination, the Contractor shall immediately stop all work hereunder and shall immediately cause any and all of its suppliers and subcontractors to cease work.  Subject to the terms of this contract, the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the satisfaction of the Government using its standard record keeping system, have resulted from the termination. . . .  The Contractor shall not be paid for any work performed or costs incurred which reasonably could have been avoided.

FAR 52.212-4(l).  The Court must examine whether Boarhog has shown any breach of contract, or the incurrence of any recoverable damages under the applicable contractual and case law restrictions.

## A.  Boarhog Has Not Shown or Alleged Any Breach of Contract.

The Government has considerable latitude to terminate a contract for convenience and may exercise its right to do so unilaterally.  Krygoski Const. Co. v. United States, 94 F.3d 1537, 1540-41 (Fed. Cir. 1996); TigerSwan, Inc. v. United States, 110 Fed. Cl. 336, 344-45 (2013) (citing Best Foam Fabricators, Inc. v. United States, 38 Fed. Cl. 627, 637-38 (1997)); Securiforce Int'l Am., LLC v. United States, 125 Fed. Cl. 749, 782 (2016).  A termination for convenience may give rise to a breach of contract only when the Government terminates a contract in bad faith or abuses its discretion to terminate a contract.  Krygoski Const. Co., 94 F.3d at 1541; TigerSwan, Inc., 110 Fed. Cl. at 345; Kalvar Corp. v. United States, 211 Ct. Cl. 192, 304 (1976).  To recover damages for a breach of contract under the CDA based on an improper termination for convenience, a contractor must present clear and convincing evidence of the Government's misconduct.  TigerSwan, Inc., 110 Fed. Cl. at 345.  Put another way, a contractor bringing a CDA claim for a breach of contract must allege "sufficient facts in its complaint to warrant [the Court's] further inquiry regarding an entitlement to relief."  Digital Techs. Inc. v. United States, 89 Fed. Cl. 711, 733 (2009).  "In the absence of bad faith or clear abuse of discretion

the contracting officer's election to terminate [for convenience] is conclusive." Salsbury Industries v. United States, 905 F.2d 1518, 1521 (Fed. Cir. 1990) (quoting John Reiner & Co. v. United States, 163 Ct. Cl. 381, 390 (1963)); see Securiforce Int'l Am., LLC, 125 Fed Cl. at 782.  The Court will dismiss a breach of contract claim when the necessary grounds have not been met or alleged.  See Krygoski Const. Co., 94 F.3d at 1541.

Applying these standards, Boarhog has not shown or alleged that the Navy committed bad faith or abused its discretion in terminating the contract for convenience. Boarhog's complaint simply states that the Government terminated the contract without Boarhog's prior approval[2] and subsequently prevented Boarhog's performance under the original agreement for six months.  Boarhog's response to the motion to dismiss points to these same allegations to emphasize that the termination was improper.  Pl's Resp. at 3-4. Boarhog attempts to rely on its bid protest in this Court to demonstrate the existence of a breach of contract.  In the complaint, Boarhog mentions only the Court's dismissal of the case based on the Navy's decision to take corrective action.  Compl. at 1, Ex. A.  The complaint specifically cites the Order of Dismissal which indicated that Boarhog may file another complaint seeking relief from the Navy's corrective action if it wished, and the follow-on case would be assigned to the same judge.  Id.  The Order did not state, as Boarhog suggests, that the Navy acted in bad faith or abused its discretion.  See Pl.'s Resp. at 4.   Without the necessary allegations in the complaint, the Court has no basis to say that the Government acted in bad faith or abused its discretion in terminating the contract. Therefore, the Court must grant the Government's motion to dismiss.

### B.   Boarhog Has Not Suffered Any Injury for which it May Recover.

Had Boarhog established that the Navy's termination for convenience was improper, it still has not suffered an injury justifying an award for damages.  Boarhog argues that it suffered harm when the Government breached the original contract and refused to perform its duties under the agreement.  Compl. ¶¶ 20, 21.  In contrast, the Government contends that Boarhog has not suffered an injury because it received a replacement contract with all of the same terms as the initial award as a result of the Navy's corrective action.  Def.'s Mot. at 6.  In opposition to the Government's motion, Boarhog asserts that the Court can reasonably infer an injury from a contract termination.  Pl.'s Resp. at 5.  The Court disagrees.

The simple fact is that Boarhog did not perform any work under the terminated contract, and therefore cannot point to any incurred costs as the basis for recovery.  Under the formula established in the contract, Boarhog's percentage of the work performed prior to the notice of termination is zero, and its recovery therefore is zero.  Boarhog may not

---

[2]  The contractor's approval is not necessary for the Government to terminate a contract for convenience. The Government may take this action unilaterally.

recover loss of anticipated profits, or consequential damages because neither the contract nor applicable case law permits such recovery.

<u>Conclusion</u>

For the reasons stated above, Defendant's motion to dismiss is GRANTED, and Plaintiff's complaint is DISMISSED without prejudice.  The Clerk of Court shall enter judgment accordingly.  No costs.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge